UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Case No. _____

THE HOME SAVINGS AND LOAN COMPANY
OF YOUNGSTOWN, OHIO,

      Plaintiff,

v.

M/V "2004 50' HUSTLER YACHT", her engines,
boilers, apparel, appurtenances, etc. *in rem* and
SUPER BOATS & YACHTS LLC, *in personam,*

      Defendants.

## VERIFIED COMPLAINT IN ADMIRALTY

COMES NOW Plaintiff, THE HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO, (hereinafter "Plaintiff" or "Home Savings"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court, as well as the Supplemental Rules of Certain Admiralty and Maritime Claims particularly Rules B and C thereof, and the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et. seq.*, hereby brings this Verified Complaint against the Defendants, the M/V a "2004 50' HUSTLER YACHT" *in rem* and *in personam* against SUPER BOATS & YACHTS LLC, and Home Savings states as follows:

### I. JURISDICTION AND VENUE

1.    This is a case based upon admiralty and maritime jurisdiction as heretofore more fully appears and is an admiralty and maritime claim within the meaning of Federal Rules of Civil

Case No.

Procedure 9(h); this claim is also lawfully brought pursuant to 28 U.S.C. § 1333 and this Court's

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 9 U.S.C. § 1 *et. seq.*

2.     Venue is proper in this Court because the subject vessel is located in this district, the

Defendants are in possession, custody and/or control of the subject vessel in this district and

otherwise because the Defendants are each in this district and hold the vessel within this district.

## II. THE PARTIES

3.     At all times material hereto, Home Savings was and is a valid corporation or other

business entity organized and existing under the laws of the state of Ohio; Home Savings financed

the purchase of the M/V "2004 50' HUSTLER YACHT" by its customer Midway Marine and

Michael Mercure and Home Savings endorsed their lien upon an Ohio state watercraft title. See

Exhibit "1" attached hereto. [1]

4.     Defendant, Super Boats & Yachts LLC, in Fort Lauderdale, Florida, is upon

information and belief a Florida Limited Liability Company doing business in Florida and which

holds possession, custody and/or control over the subject vessel claiming an interest therein.

---

[1]     Mr. Mercure and his related entity, Midway Marine, subsequently defaulted on the loan and began a process to hide the vessel from repossession followed by selling the boat to a Warren Tillerson in Texas.  Once Home Savings found out about this situation, it proceeded to obtain an Ohio judgment against Midway Marine and Michael Mercure, as well as an *in rem* judgment against the subject vessel herein.  During the Ohio proceedings commenced by Home Savings, an Ohio Court found Michael Mercure in contempt, fined him and ordered his arrest further providing that Mr. Mercure could absolve himself of contempt by delivering the vessel to Home Savings.  It is during these contempt proceedings in Ohio which amazingly convinced Mr. Mercure to locate the vessel and he then so advised Home Savings.  The vessel was located in this Court's district and is thus the basis for this proceeding.  The vessel was located in the possession, custody and/or control of Super Boats & Yachts LLC in Fort Lauderdale, Florida. See Exhibit "2" attached hereto.

Case No.

5.      The vessel, a 2004 M/V 50' HUSTLER YACHT, is the subject vessel which was financed by Home Savings and upon which Home Savings holds a maritime lien, as well as an *in rem* judgment from an Ohio proceeding.

6.      Home Savings has satisfied all conditions precedent prior to the bringing of this lawsuit or such conditions have been waived and/or excused.

7.      Home Savings maritime lien and *in rem* judgment against the vessel as memorialized in the Ohio Courts are all reflected in the documents attached hereto as Exhibit "2".

### III. GENERAL FACTUAL ALLEGATIONS

8.      At all material times, Home Savings financed the sale of the subject vessel and subsequently obtained an *in rem* judgment against the vessel, as well as endorsing its maritime lien over the vessel.

9.      At all material times relevant to this action, the vessel is and remains a motor vessel which is now and will be during the pendency of these proceedings at or near Broward County, Florida and within the jurisdiction of this Honorable Court.

10.     Home Savings clearly has by way of its maritime lien and *in rem* judgment over the vessel the most superior interest over the vessel, a 2004 M/V 50' HUSTLER YACHT.

11.     Any interest claimed by the Defendants is subservient to Home Savings' interest.

12.     Additionally, at the time of any potential acquisition of the subject vessel by the Defendants, particularly Super Boats & Yachts or one of its customers, Super Boats & Yachts was on notice of Home Savings' interest by nature of Home Savings recording its maritime lien in Ohio and obtaining an *in rem* judgment over the vessel in Ohio and otherwise.

-3-

Case No.

## COUNT I - *IN REM* CLAIM AGAINST VESSEL

13.     Home Savings realleges as fully set forth herein the allegations contained in paragraphs 1 - 12 above.

14.     Home Savings brings this count *in rem* against the vessel, a 2004 M/V 50' HUSTLER YACHT, pursuant to 46 U.S.C. § 31341, *et. seq.*, and in accordance with Supplemental Admiralty Rules B and C.

15.     At a time after Home Savings recording of its maritime lien or obtaining an *in rem* judgment against the vessel, Defendant Super Boats & Yachts obtained possession or custody of the subject vessel and has since maintained her in one of its facilities in South Florida.

16.     Defendant Super Boats & Yachts has refused, is unable or will not release the vessel to Home Savings or has not been able to agree upon an amount of money at this time to liquidate Home Savings interest.

17.     Home Savings has a maritime lien against the vessel as well as an *in rem* judgment over the vessel.

18.     Home Savings can enforce the maritime lien through the arrest and sale of the vessel.

WHEREFORE, it is respectfully requested that this Court issue a Summons and Warrant for the arrest of the vessel, the 2004 M/V 50' HUSTLER YACHT, and order a sale of the vessel thereby allowing Home Savings to recoup all of its damages it has incurred including but not limited to all financed amounts for the vessel, as well as all damages shown at trial and all other losses and expenses permitted by law including but not limited to costs, attorney's fees and interest.  Home Savings prays that after due proceedings are had:

-4-

Case No.

(a) that process in due form and according to the rules and practice of this Court in cases of admiralty and maritime jurisdiction be issued against the vessel authorizing its *in rem* arrest and seizure;

(b) that all persons claiming any right, title and interest in said vessel be summoned to appear and answer under oath and in the singular the matters aforesaid and that said vessel be condemned and sold to pay the demands aforesaid with costs, attorney's fees and interest;

(c) that judgment be entered in favor of Plaintiff Home Savings and against the vessel *in rem* and in an amount to be determined plus interest, attorney's fees and costs together with all such losses permitted by law and (d) for all such further and other relief as justice requires or may be deemed appropriate by this Court.

## COUNT II- *IN PERSONAM* CLAIM AGAINST SUPER BOATS & YACHTS LLC

19.    Home Savings realleges as fully set forth herein the allegations contained in paragraphs 1 - 12 above.

20.    Home Savings placed Defendant Super Boats & Yachts on notice about Home Savings' interest in the subject vessel prior to commencing these proceedings.

21.    Defendant Super Boats & Yachts claims to have expended sums in purchasing the vessel or in either refurbishing and/or repairing the vessel and is unable, has refused or is unwilling to liquidate Home Savings' interest in the vessel at this time.

22.    Clearly, by way of its financing of the vessel, *in rem* judgment against the vessel and endorsed and recorded maritime lien, Home Savings' interest in the vessel is superior and prior to any interest which can be claimed by Super Boats & Yachts.

Case No.

23.     Home Savings has demanded payment from Super Boats & Yachts but Defendant has failed to pay Home Savings' interest.

24.     As a result of the above situation, Home Savings has been damaged in an amount to be shown at trial for its financing of the vessel, *in rem* judgment against the vessel and endorsed/recorded maritime lien.

WHEREFORE, Plaintiff Home Savings respectfully requests that judgment be entered in its favor and over and against Defendant Super Boats & Yachts LLC, and for such further and other relief as the Court deems just and proper.

## COUNT III - RULE D ACTION TO ACQUIRE POSSESSION OVER THE VESSEL

25.     Home Savings realleges as fully set forth herein the allegations above in paragraphs 1 through 12.

26.     This is an action pursuant to Rule D of the Federal Supplemental Rules of Admiralty and Maritime Claims.

27.     The vessel is located at the facility of Defendant, Super Boats & Yachts LLC, believed at this time to be at 1800 West State Road 84, Fort Lauderdale, Florida 33315, the last known information provided to Home Savings.

28.     Home Savings believes the vessel will remain during the pendency of this action within this district at the aforesaid location.

29.     Home Savings has given notice to Super Boats about the need to release the vessel, among other things, but Super Boats has refused or cannot release the vessel or disputes Home Savings' claim.

Case No.

30.     Home Savings interest in the vessel trumps the interest of Super Boats, or any other claimant, since Home Savings first perfected its lien prior to the vessel arriving in Florida or at Super Boats' facility or Super Boats having any contact with the vessel in any fashion, and Home Savings also duly recorded its interest and lien on the vessel and has since perfected the same.

31.     Any services including storage services provided by Super Boats occurred after Home Savings perfected its interest; further, Super Boats received payment for most, if not all, of its reasonably incurred storage charges.

32.     If the vessel is not released to Home Savings, Home Savings will continue to suffer damages and irreparable injury including loss of the vessel which serves as security for the loan which Home Savings financed, among other things.

33.     The current total amount owed on the vessel exceeds $441,000.00.

WHEREFORE, Home Savings requests that this Court determine that it is entitled to immediate possession of the vessel and that an Order be entered granting such immediate possession of the vessel to Home Savings, as well as all of the following:

A. that process in due form of law according to the practice of this Court issue against Defendants citing them to appear and answer the foregoing;

B. that Super Boats in accordance with Supplemental Rule D immediately release the vessel, as described above, to Home Savings or that process *in rem* for a Warrant of Arrest issue in due form of law and in accordance with the practice of this Court in cases of admiralty and maritime jurisdiction against the aforesaid Defendants including the vessel with notice posted to all persons and published to all persons claiming an interest in the vessel so that they appear and answer the

-7-

Case No.

Complaint including the warrant for the arrest of the vessel, her hull, engines, appurtenances, gear, machinery, apparel, etc.;

      C. that Home Savings be issued a decree for its damages aforesaid with interest, attorney's fees and costs;

      D. that the vessel be placed in the possession, custody and/or control of Home Savings or its agents;

      E. that process in due form of law issue enjoining Super Boats from attempting to sell or dispose of the vessel in any manner;

      F. that this Court retain jurisdiction over the matters set forth herein for any further or supplemental proceedings as may be necessary, including but not limited to the enforcement of the above terms;

      G. that if Super Boats cannot be found within this district, then the vessel which is located within this district be attached to the amount sued for herein and condemned and sold to pay Home Savings' claim so that the vessel be adjudged liable to Home Savings in the principal amount of $440,666.38 plus prejudgment interest, costs and expenses all pursuant to the Note, Disclosure and Security Agreement together with continuing interest calculated pursuant to maritime law;

      H. and any such further and other relief as the Court deems just and proper.

      WHEREFORE, Plaintiff Home Savings prays that Defendant Super Boats & Yachts LLC in Fort Lauderdale, Florida be adjudged liable to Plaintiff in an amount to be determined at trial plus interest, attorney's fees, costs and expenses and for such further and other relief as the Court deems just and proper.

Case No.

Dated this _____ day of February, 2011.

Respectfully submitted,

s/ Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Mgarcia@fowler-white.com
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Plaintiff*

## **VERIFICATION**

The undersigned is an attorney for The Home Savings and Loan Company of Youngstown, Ohio ("Home Savings") and swears to the following:

Knowledge of the facts stated in the instant Complaint is derived from my review of documents generated by or in the possession of Plaintiff, Home Savings; information related to me by agents, servants or employees of Home Savings; as well as my own personal knowledge and belief. The undersigned is authorized to make this certification on behalf of Plaintiff Home Savings. I verify and confirm that the facts alleged in the Complaint are true and accurate to the best of my information and belief.

Dated: February 14th, 2011

_____
MICHAEL ALEXANDER GARCIA

-9-

Case No.

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me this <u>14th</u> day of February, 2011

by MICHAEL ALEXANDER GARCIA, ☑ who is personally known to me or ☐ who has produced

_____ as identification.



_____
Notary Public, STATE OF FLORIDA

*Print Name*: <u>WENDY LEZCANO</u>

My Commission Expires:

Notary Public State of Florida
Wendy  Lezcano
My Commission DD818109
Expires 08/27/2012

[jw] W:\81408\COMPLA10-Verified.MAG {2/14/11-16:18}

-10-