UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60325-CIV-COOKE/TURNOFF

THE HOME SAVINGS & LOAN
COMPANY OF YOUNGSTOWN, OHIO,

    Plaintiff
vs.

SUPER BOATS & YACHTS, LLC, *et al.*,

    Defendants.
_____/

## **ORDER GRANTING DEFNDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), (ECF No. 6), which I have converted into a motion for summary judgment. On April 12, 2011, I notified the Parties of my intention to convert Defendants' motion to dismiss into a motion for summary judgment and provided ten days for the Parties to submit any additional evidence in support or in opposition to the merits. I have reviewed the record, the motions, and the relevant legal authorities. For the reasons explained below, Defendants' motion for summary judgment is granted.

### I. BACKGROUND

The following facts are undisputed. On or about July 30, 2003, Midway Marine, Inc., d/b/a Midway Leasing, Inc, and Michael Mercure executed and delivered a Simple Interest Note, Disclosure and Security Agreement in the amount of $419,815.00 (the "Note"), in favor of Plaintiff, The Home Savings & Loan Company of Youngstown, Ohio ("Home Savings"), for the purchase of the M/V 2004 50' Hustler Yacht (the "Vessel"). The Note was executed in Ohio. By its terms, the Note granted Home Savings a lien and security interest in the Vessel. A

Certificate of Title was issued in Mahoning County, Ohio on December 12, 2003. On May 8, 2007, Midway Marine defaulted on the Note. The Note's default provision allowed Home Savings to take immediate possession of the Vessel in the event of a default. In or about 2009, Home Savings initiated a replevin action in Ohio against Midway Marine and Michael Mercure for the seizure of the Vessel. On May 29, 2009, the Ohio Court of Common Pleas issued an Order of Possession Without a Hearing against the Vessel.[1] During the pendency of the Ohio proceedings, Defendant Super Boats and Yachts, LLC ("Super Boats") acquired ownership interest and possession of the Vessel.[2] On February 14, 2011, Home Savings filed a complaint against the Vessel, *in rem*, and against Super Boats, *in personam*. Home Savings seeks a warrant for the arrest of the Vessel, an order authorizing its sale, a judgment providing immediate possession and a decree in favor of Home Savings for damages.

## I. LEGAL STANDARD

Summary judgment shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has met its burden, the burden then shifts "to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

---

[1] The Ohio Court of Common Pleas issued the Order of Possession Without Hearing based on Home Savings' unverified belief that the Vessel was located in Ohio. In a replevin action, the property's location determines the existence of jurisdiction. *Hutcheson v. Israel*, No. CA-5724, 1982 WL 2913, at *3 (Ohio Ct. App. Feb. 10, 1982) (citing *Shaffer v. Heitner*, 433 U.S. 186 (1977)). An extensive review of the record, however, does not indicate that the Vessel located in Ohio at the time the replevin order was entered.

[2] A Certificate of Title was issued in Florida on November 19, 2009.

Rule 56(c)(1) requires the parties to "establish the absence or presence of a genuine dispute" by reference to "depositions, documents, … affidavits or declarations, … admissions, interrogatory answers, or other materials." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (The nonmoving party "may not rest upon mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial."). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).  In determining whether summary judgment is proper, a court must draw inferences from the evidence in the light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor.  *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

## II. DISCUSSION

Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. 1333(1).  Jurisdiction over "[a]n in rem admiralty proceeding requires as its basis a maritime lien," that is, "a special property right in a ship given to a creditor by law as security for a debt or claim." *Crimson Yachts v. Betty Lyn II Motor Yacht,* 603 F.3d 864, 868 (11th Cir. 2010).  "Maritime liens have special features designed to protect persons who own, sail, and service ships from the unique risks associated with the shipping industry." *Id.* at 869. "The very purpose of maritime liens is to encourage necessary services to ships whose owners are unable to make contemporaneous payment." *Veverica v. Drill Barge Buccaneer No. 7*, 488 F.2d 880, 883 (5th Cir. 1974).[3]  A maritime lien may arise out of a maritime contract "but not

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

every contract that somehow relates to a ship or its business is considered maritime." *Id.* at 1314. Only maritime contracts that provide vessels with necessary services or "necessaries" can give rise to maritime liens. 46 U.S.C. § 31342(a).  "Necessaries" are "repairs, supplies, towage, and the use of a dry dock or marine railway," and include "what is reasonably needed in the ship's business, such as goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function." 46 U.S.C. § 31301(4); *Bd. of Comm'rs of Orleans Levee Dist. v. M/V Belle of Orleans*, 535 F.3d 1299, 1314 (11th Cir. 2008) (citing *Bradford Marine, Inc. v. M/V Sea Falcon*, 64 F.3d 585, 589 (11th Cir. 1995)).  Therefore, "maritime liens benefit those who own, lend to, and repair vessels, such that persons able to provide for ships' immediate needs are assured a significant, clear, and predictable security device that is tailored to the unique features of maritime commerce." *Crimson Yachts*, 603 F.3d at 871.

### A.  *Home Savings Does Not Possess A Maritime Lien*

Super Boats argues that this Court lacks subject matter jurisdiction because Home Savings holds neither a valid maritime lien nor a "preferred mortgage" under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.*  Home Savings argues that it possesses a lien over the Vessel that is "of a maritime nature."  (Pl.'s Cross Mot. Summ. J. 5, ECF No. 33). Home Savings also contends that "[b]ased on the Ohio Order, there is no factual issue" that Home Savings is entitled to the "immediate right of possession in the [Vessel]." (Pl.'s Cross Mot. Summ. J. 8, ECF No. 33).   Plaintiff must posses a maritime lien or a preferred mortgage in order to invoke this Court's admiralty jurisdiction.

Home Savings financed the purchase of the Vessel and, therefore, holds an ordinary mortgage.  As the Supreme Court explained long ago, "[a]n ordinary mortgage of a vessel,

whether made to secure the purchase money upon the sale thereof or to raise money for general purposes, is not a maritime contract.  A court of admiralty, therefore, has no jurisdiction of a libel to foreclose it, or to assert either title or right of possession under it." *The J.E. Rumbell*, 148 U.S. 1, 15 (1893); *see also J.G. Jackson v. Inland Oil & Transp. Co.*, 318 F.2d 802, 804 (5th Cir. 1963).  The Complaint does not allege that Home Savings provided necessaries to the Vessel. Therefore, Home Savings does not hold a maritime lien sufficient to give this Court subject matter jurisdiction.

### *B. Home Savings Does Not Possess A "Preferred Mortgage"*

A "preferred mortgage" is a mortgage that includes the whole vessel, is filed in accordance with 46 U.S.C. § 31321, and covers a documented vessel.  *See* 46 U.S.C. § 31322(a). "[I]f a mortgage is within [CIMLA], admiralty jurisdiction is exclusive; if the mortgage is not within [CIMLA], admiralty has no jurisdiction."  *Richard Bertram & Co. v. Yacht Wanda*, 447 F.2d 966, 967 (5th Cir. 1971) (citing *The Thomas Barlum*, 293 U.S. 21 (1934)).[4]  Here, Home Savings does not assert, nor does the record indicate, that it filed the mortgage with the Secretary of Homeland Security, an express requirement under 46 U.S.C. § 31321.  Further, the boat is not a documented vessel or one for which an application of documentation has been submitted. 46 U.S.C. § 12105.  In the absence of a preferred mortgage, this Court lacks admiralty jurisdiction over Home Saving's claim.

### III. CONCLUSION

In the absence of a maritime lien and a preferred mortgage this Court lacks subject matter jurisdiction. As such, order is unenforceable.  Accordingly, this case is **DISMISSED** *without*

---

[4] The Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq*. was previously titled "The Ship Mortgage Act," 46 U.S.C. §§ 911-984.

*prejudice*.  The Clerk is directed to **CLOSE** this case.  All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 15th day of June 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*